## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

HARRY WALKER,                          :
                                       :
    Petitioner,              :
                                       :
   VS.                              :
                                       :  CASE NO. 5:14-CV-196-MTT-MSH
Warden GREGORY McLAUGHLIN,   :
                                       :
    Respondent.             :
_____

### REPORT AND RECOMMENDATION

  Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for habeas relief as untimely.  (ECF No. 11.)  Also pending is Petitioner's motion to amend to add additional claims for habeas relief.  (ECF No. 9.)  For the reasons described below, Petitioner's motion is granted and it is recommended that Respondent's motion be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely.

### BACKGROUND

  On November 29, 2000, in the Superior Court of Bibb County, Petitioner was found guilty of multiple counts of armed robbery, kidnapping, and possession of a firearm.  (Pet. for Writ of Habeas Corpus 1, ECF No 6.)  His conviction was affirmed on direct appeal by the Georgia Court of Appeals on August 19, 2010.  *Walker v. State*, 305 Ga. App. 607, 699 S.E.2d 902 (2010).  Petitioner did not seek certiorari with the Georgia Supreme Court.

  On February 15, 2011, Petitioner filed a state application for habeas relief in Macon

County.   (Pet. for Writ of Habeas Corpus 3; Resp't's Ex. 1, ECF No. 12-1.)   The Superior Court of Macon County issued a final order on December 19, 2012[1] denying Petitioner habeas relief.   (Resp't's Exs. 2 & 3, ECF No. 12-2.)   Petitioner filed an application for a certificate of probable cause in the Supreme Court of Georgia on March 6, 2013. (Resp't's Ex. 3, ECF No. 12-3.)   The Supreme Court denied this application as untimely filed on November 18, 2013.   (*Id*.)   Petitioner also filed a motion for reconsideration regarding his petition for a certificate of probable cause, which was denied by the Georgia Supreme Court as untimely on March 28, 2014.   (Pet. for Writ of Habeas Corpus Ex. 2, ECF No. 6-2.)   Petitioner filed his federal application for habeas relief on April 23, 2014. (Notice of Appeal 4, ECF No. 1.)[2]

## DISCUSSION

### I.   Petitioner's Motion to Amend

Petitioner filed a "Motion to Amend Constitutional Error's of Deprivation Entitling Him to Federal Habeas Relief" on July 11, 2014.   (ECF No. 9.)   In this motion, Petitioner asserts additional ground for habeas relief and asks for an evidentiary hearing. Petitioner's motion was filed within the time specified in the June 27, 2014 Order in which Petitioner was directed to "amend his petition to include every unalleged possible

---

[1] The copy of the final order filed by the Respondent does not have a filed date stamp by the clerk of court.   (Resp't's Ex. 2.)   The order itself is dated December 14, 2012.   (Resp't's Ex. 2 at 8.) However, the Georgia Supreme Court references the final order in its denial of Petitioner's request for a certificate of probable cause and notes that it was filed on December 19, 2012.   (Resp't's Ex. 3 at 1.)   Since the later date benefits the Petitioner, the Court has used December 19, 2012 as the date the final order was filed in Petitioner's state application for habeas relief.

[2] The Court liberally construed Petitioner's original filing in this Court as an application for habeas relief.

constitutional error or deprivation entitling him to federal habeas corpus relief."   (Order 1-2, June 27, 2014, ECF No. 8.)   It is clear that Petitioner's motion is actually a filing in compliance with the June 27 Order.   Thus, to the extent that Petitioner seeks leave to amend, his motion is granted.

## II.     Respondent's Motion to Dismiss

Respondent moves to dismiss Petitioner's application for habeas relief claiming that it was filed outside the one-year limitations period.   Petitioner responded to Respondent's motion without specifically addressing the timeliness of his filing.   Instead, Petitioner generally asserts that habeas corpus is a remedy "without limit of time" (Pet.'s Resp. 1), and provides further support for his alleged grounds for habeas relief (*Id.* at 2-14).   As explained below, Petitioner's application for habeas relief is untimely and Respondent's motion to dismiss should be granted.

### A.     The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.   "The purpose of the AEDPA is not obscure.   It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction."   *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

(1)     A 1-year period of limitation shall apply to an application for a writ of

3

habeas corpus by a person in custody pursuant to the judgment of a
State court.

. . .

(2)    The time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this subsection.

28 U.S.C. § 2244(d).   Under the statute, the limitation period begins to run on "the date on
which the judgment became final by the conclusion of direct review or the expiration of the
time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   Thus, in order to determine
whether a petition was timely filed, the Court "must determine (1) when the [collateral]
motion was filed and (2) when [the] judgment of conviction became final."   *McCloud v.
Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation
omitted) (alterations in original).

        B.     Petitioner's Application is outside the AEDPA one-year limitations period

        Here, the limitations period has expired and Petitioner's petition is untimely.
Petitioner was sentenced on November 29, 2000 and timely appealed to the Georgia Court
of Appeals.   (Pet. for Writ of Habeas Corpus 1.)   The court of appeals affirmed his
conviction and sentence on August 19, 2010.   *Walker v. State*, 305 Ga. App. 607, 699
S.E.2d 902 (2010).   Petitioner thereafter had ten days within which to file notice of
intention to apply for certiorari with the Georgia Supreme Court.   Ga. Sup. Ct. R. 38(1).
Petitioner did not file such notice or otherwise appeal the decision of the Georgia Court of
Appeals.    Thus, Petitioner's judgment became final ten days from August 19,
2010—August 29, 2010.   *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of

determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from August 29, 2010, until August 29, 2011, within which to file his federal application for habeas relief unless the limitations period was tolled. 28 U.S.C. § 2244(d). He filed his state application for habeas relief on February 15, 2011, which tolled the AEDPA limitations period with 195 days remaining. (Resp't's Ex. 1.) The final order on his state application for habeas relief was filed on December 19, 2012. (Resp't's Ex. 2.) Petitioner failed to timely file an application for a certificate of probable cause within thirty days as required in O.C.G.A. § 9-14-52(b). The AEDPA limitations period therefore began to run again on January 22, 2013, thirty days[3] after the final order in his habeas case.

The AEDPA limitations period expired 195 days later on Monday, August 5, 2013. Since the Petitioner's application for a certificate of probable cause and motion for reconsideration were deemed untimely filed by the Supreme Court of Georgia, the time those motions were pending does not toll the limitations period. *See, e.g., Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level.") (emphasis in original); *cf. Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (finding that if a motion for out-of-time

---

3 The actual thirtieth day—January 19, 2013—fell on a Saturday and Monday, January 21, 2013 was Martin Luther King, Jr. Day. Consequently, the AEDPA limitations period began to run on Tuesday, January 22, 2013.

appeal is *granted*, a judgment becomes final at the end of the consideration of the out-of-time appeal); *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) (explaining that federal courts are bound by a state's determination of timeliness concerning an appeal in the state court). Petitioner waited to file his federal application for habeas relief until April 23, 2014, 261 days after the limitations period expired. Petitioner's federal application for habeas relief, filed after the expiration of the limitations period, fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

## III.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

**CONCLUSION**

For the reasons described above, Petitioner's motion to amend (ECF No. 9) is granted.   It is recommended that Respondent's motion to dismiss (ECF No. 11) be granted and Petitioner's action be dismissed as untimely.   Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied.   Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 3rd day of October, 2014.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE