IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HARRY WALKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:14-CV-196 (MTT) |
| | ) |
| Warden Gregory McLAUGHLIN, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

Before the Court is the Petitioner's motion for reconsideration (Doc. 23) of the Court's Order (Doc. 21) adopting Magistrate Judge Stephen Hyle's Recommendation (Doc. 15) to dismiss the Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 because he did not file the application within AEDPA's one-year limitations period.

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice*." M.D. Ga., L.R. 7.6 (emphasis added). "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and

- 2 -

any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Petitioner has not met this burden. He has not alleged an intervening change in the law, nor has he presented new evidence previously unavailable to him. Moreover, the Court is not persuaded its Order adopting the Recommendation was clearly erroneous.

Accordingly, the Petitioner's motion for reconsideration is **DENIED**.

**SO ORDERED**, this 23rd day of February, 2015.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT