IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HARRY WALKER, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | CASE NO. 5:14-CV-196-MTT-MSH |
| Warden GREGORY McLAUGHLIN, : | |
| : | |
| Respondent. : | |

_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60. (ECF No. 26.) For the reasons explained below, Petitioner's motion should be denied.

**BACKGROUND**

On November 29, 2000, in the Superior Court of Bibb County, Petitioner was found guilty of multiple counts of armed robbery, kidnapping, and possession of a firearm. Pet. for Writ of Habeas Corpus 1, ECF No 6. His conviction was affirmed on direct appeal by the Georgia Court of Appeals on August 19, 2010. *Walker v. State*, 305 Ga. App. 607, 699 S.E.2d 902 (2010). Petitioner did not seek certiorari with the Georgia Supreme Court.

On February 15, 2011, Petitioner filed a state application for habeas relief in Macon County. Pet. for Writ of Habeas Corpus 3; Resp't's Ex. 1, ECF No. 12-1. The Superior Court of Macon County issued a final order on December 19, 2012 denying Petitioner habeas relief. Resp't's Exs. 2 & 3, ECF No. 12-2. Petitioner filed an application for a

certificate of probable cause in the Supreme Court of Georgia on March 6, 2013. Resp't's Ex. 3, ECF No. 12-3. The Supreme Court denied this application as untimely filed on November 18, 2013. *Id.* Petitioner also filed a motion for reconsideration regarding his petition for a certificate of probable cause, which was denied by the Georgia Supreme Court as untimely on March 28, 2014. Pet. for Writ of Habeas Corpus Ex. 2, ECF No. 6-2.

Petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2254 on April 23, 2014. Notice of Appeal 4, ECF No. 1.[1] That motion was dismissed as untimely on December 5, 2014. Order 1, ECF No. 21. Petitioner moved for reconsideration (ECF No. 23) on December 15, 2014, which the Court denied on February 23, 2015. Order 1-2, ECF No. 24. On June 16, 2015, Petitioner filed the currently pending "Motion for Fed. R. Civ. P. 60(b)(2) on 'Newly Discovered Evidence.'" (ECF No. 26.) The Court construes this as a motion for relief from judgment under Rule 60. Respondents did not respond to the motion, so it is ripe for review.

## DISCUSSION

**I.    Motion for Relief from Judgment under Rule 60(b)**

Petitioner claims that he is entitled to relief from his sentence due to an alleged change in the law since his conviction. Rule 60(b) Mot. 2-6. Specifically, Petitioner states that O.C.G.A. § 24-8-804, which addresses hearsay exceptions, was created in January 2013 and would have excluded some testimony at his trial. *Id.* at 3-4. Petitioner also avers that a search warrant was issued in his case without probable cause and that his

---

[1] The Court liberally construed Petitioner's original filing in this Court as an application for habeas relief.

motion to suppress the evidence seized as a result of that search should have been granted. *Id.* at 4-6.

Although Petitioner brings this motion under Rule 60(b)(2), which allows for relief from a judgment in the case of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial[,]" Petitioner does not cite to or provide any newly discovered evidence. Instead, he contends (1) that there has been a change in Georgia law which justifies relief, and (2) that his motion to suppress at trial should have been granted. "[S]uch a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). To allow such claims to be brought in a motion under Rule 60(b) "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive petition bar." *Id.* at 532.

Consequently, Petitioner's motion must be construed as a motion under § 2254 and should be dismissed for lack of jurisdiction. Petitioner has not sought approval from the Eleventh Circuit to file a second or success petition under § 2244(b). "[A] district court has no jurisdiction to consider a claim presented in a second or successive § 2254 petition unless the court of appeals first grants authorization to file such a petition[.]" *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946 (11th Cir. 2014). This Court consequently does not have jurisdiction to consider Petitioner's motion and it should be dismissed.

II.     **Certificate of Appealability**

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District

Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons explained above, it is recommended that Petitioner's Rule 60(b) motion (ECF No. 26) be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED this 23rd day of November, 2015.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE